| | |
|---|---|
| DAMON NEWQUIST,<br><br>        Plaintiff,<br><br>    v.<br><br>SOA, et al.,<br><br>        Defendants. | 1:17-cv-01150-LJO-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND RESPONSE TO WRITTEN DISCOVERY REQUESTS**<br><br>(Doc. 38)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE**<br><br>21-DAY DEADLINE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

      Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 230(l), Defendants Chen and Soa move for an order compelling Plaintiff to respond to Defendants' interrogatories, set one; requests for production of documents, set one; and requests for admissions, set one. (Doc. 38 at 1.) Defendants propounded the discovery requests on August 9, 2019, and to date, Plaintiff has not responded to any of the requests. (*Id.* at 7.) Defendants further move for an order compelling Plaintiff to appear for his deposition. (*Id.* at 2.) Plaintiff failed to appear for his duly noticed deposition on October 15, 2019. (*Id.* at 8.)

      In the alternative, Defendants move for an order dismissing this action. (*Id.* at 2.) According to Defendants' counsel, Plaintiff was paroled from Kern Valley State Prison on May

17, 2019, and has failed to update his address with the Court and to respond to any communications from Defendants. (*Id.* at 7.)

Plaintiff has not filed any opposition or a statement of non-opposition to Defendants' motion; and, the time to do so has passed. Local Rule 230(l). The Court thus deems the motion submitted. For the reasons set forth below, the Court **GRANTS** Defendants' motion to compel, (Doc. 38). In addition, the Court **ORDERS** Plaintiff to show cause why this action should not be dismissed for his failure to prosecute.

## DISCUSSION

### A. DEFENDANTS' MOTION TO COMPEL

Parties may seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Information "need not be admissible in evidence to be discoverable." *Id.* Within the scope of Rule 26(b), a party may serve on any other party interrogatories and requests to admit the truth of any matter. Fed. R. Civ. P. 33(a), 36(a). In response to each interrogatory, the responding party must answer fully or state with specificity the grounds for objecting thereto. Fed. R. Civ. P. 33(b). In response to each admission request, the responding party must either admit or deny the matter, state in detail why the matter cannot be admitted or denied, or state the grounds for objecting thereto. Fed. R. Civ. P. 36(a).

Additionally, a party may serve a request to produce documents, electronically stored information, or tangible things that are in the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. *Allen v. Woodford*, No. 1:05-cv-01104-OWW-LJO, 2007 WL 309945, at *2 (E.D. Cal. 2007) (citation omitted). In response to each request, the responding party must state that it will produce the requested documents, information, or things, or the party must "state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B).

Lastly, a party may, by oral questions, depose another party if he provides the deponent with adequate advance notice. Fed. R. Civ. P. 30(a)-(b). Such notice "may be accompanied by a

request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2).

If a party fails to answer interrogatories or produce documents as requested, the party seeking discovery may file a motion with the Court to compel the answers or production. Fed. R. Civ. P. 37(a)(3)(B). In addition, if a party fails to attend his deposition, the deposing party may move the Court for sanctions against the party she seeks to depose. Fed. R. Civ. P. 37(d)(1)(A)(i). In general, the moving party must certify that she has conferred or attempted to confer in good faith with the responding party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1), 37(d)(2)(B); Local Rule 251(b). However, in prisoner cases involving *pro se* plaintiffs, the meet-and-confer requirements of Rule 37 and Local Rule 251 do not apply, though they are still encouraged. (*See* Doc. 37 at 2.)

Plaintiff has neglected to respond to all of Defendant's written discovery requests. (Doc. 38 at 5, 7.) Under the Federal Rules, Plaintiff must respond to each interrogatory and request for production or admission. If Plaintiff objects to an interrogatory or request, he must state with specificity the grounds for the objection. Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B), 36(a)(5). If he does not have documents responsive to a production request, or if requested documents do not exist, Plaintiff must state so with enough specificity to allow the Court to evaluate the merit of the response or whether Plaintiff has made a reasonable inquiry. *See Ochotorena v. Adams*, No. 1:05-cv-01524-LJO-DLB, 2010 WL 1035774, at *4 (E.D. Cal. 2010); *Uribe v. McKesson*, No. 1:08-cv-01285-DSM-NLS, 2010 WL 892093, at *3 (E.D. Cal. 2010).

Plaintiff, without explanation, also failed to appear for his deposition on October 15, 2019. (Doc. 38 at 5, 7-8.) Under the Federal Rules and Court order, Defendants have the right to depose Plaintiff by video or in person. (*See* Doc. 3 at 2.) Defendants served Plaintiff a notice of the deposition on September 27, 2019, (*see* Doc. 38 at 7, 11-13), which is more than the amount of time required by the Court. (*See* Doc. 3 at 2.) Although not required, Defendants served the notice at both Plaintiff's address of record with the Court, as well as at the address provided by Plaintiff's parole officer. (Doc. 35 at 7.) The Court orders Plaintiff to appear for his deposition, at a time agreed upon with Defendants, within 21 days from the date of service of this order.

**B. ORDER TO SHOW CAUSE**

A *pro se* plaintiff must keep the Court and opposing parties informed of his correct address. Local Rules 182(f), 183(b). If a party moves without filing and serving a notice of change of address, documents served at the party's old address of record shall be deemed received even if not actually received. Local Rule 182(f). If mail directed to a *pro se* plaintiff at the address of record is returned by the U.S. Postal Service, and the plaintiff fails to notify the Court of his current address within 63 days thereafter, the Court may dismiss the action for failure to prosecute. Local Rule 183(b).

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and, in exercising that power, they may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

According to Defendants, Plaintiff was paroled from prison on May 17, 2019. (Doc. 38 at 3, 7.) Plaintiff has not responded to any communications from Defendants' counsel since then, (*id.* at 8), and he has not filed any documents in this action since May 3, 2019. (*See* Doc. 27). More to the present point, Plaintiff has not filed a change of address with the Court since his release in May, in violation of Local Rules and the Court's First Informational Order, (Doc. 3).

Based on the above, it appears that Plaintiff has abandoned this action. Whether Plaintiff has done so mistakenly or intentionally after his release from prison is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules, which require

Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court **ORDERS**:

1. Defendants' motion to compel Plaintiff's response to written discovery requests, (Doc. 38), is **GRANTED**.
    a. **<u>Within 21 days</u>** from the date of service of this order, Plaintiff **must** serve responses Defendants' Interrogatories, Set One; Requests for Production of Documents, Set One; and Requests for Admissions, Set One, served on August 9, 2019.
2. Defendants' motion to compel Plaintiff's deposition, (Doc. 38), is **GRANTED**.
    a. **<u>Within 21 days</u>** from the date of service of this order, Plaintiff **must** appear for his deposition at a time and place agreed upon with Defendants' counsel.
3. Plaintiff **shall**, **<u>within 21 days</u>** of the date of service of this order, file a response with the Court showing cause why this action should not be dismissed for his failure to prosecute this case. Alternatively, within that same time, Plaintiff may update his address with the Court or file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: __**December 3, 2019**__        /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE