1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11    DAMON NEWQUIST,                    Case No. 1:17-cv-01150-NONE-SKO (PC)

12                Plaintiff,            **FINDINGS AND RECOMMENDATIONS
                                        TO GRANT DEFENDANTS' MOTION TO**
13         v.                           **DISMISS**

14    SOA; CHEN,                         (Doc. 40)

15                Defendants.           14-DAY DEADLINE

16

17         Defendants move to dismiss this action for Plaintiff's failure to prosecute and obey the

18   Court's December 3, 2019 order (Doc. 39). (Doc. 40 at 4.). In its order, the Court directed

19   Plaintiff, within 21 days, to (1) respond to Defendants' interrogatories, requests for production,

20   and requests for admission, (2) appear for his deposition at a time and place agreed upon with

21   Defendants' counsel, and (3) show cause why this action should not be dismissed for failure to

22   prosecute or, alternatively, update his address with the Court. (Doc. 39 at 5.)

23         Although more than two months have passed, Plaintiff has failed to respond to

24   Defendants' discovery requests (Doc. 40 at 5), communicate with counsel regarding his

25   deposition (*id.*), update his address with the Court, or otherwise respond to the Court's order.

26   According to Defendants' counsel, Plaintiff has not responded to any communications from

27   Defendants since he was paroled from Kern Valley State Prison on May 17, 2019. (*Id.* at 3, 5.)

28   ///

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In addition, Federal Rule of Civil Procedure 37 provides, "[i]f a party … fails to obey an order to provide or permit discovery, … the court where the action is pending may" impose sanctions, including dismissal of the action in its entirety. Fed. R. Civ. P. 37(b)(2)(A)(v).

It appears that Plaintiff has abandoned this action. Whether Plaintiff has done so mistakenly or intentionally after his release from prison is inconsequential. It is Plaintiff's responsibility to comply with the Local Rules, Federal Rules, and Court orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

For the reasons set forth above, the Court RECOMMENDS that:

1.  Defendants' motion to dismiss (Doc. 40) be GRANTED; and,

2.  This action be DISMISSED with prejudice for Plaintiff's failure to prosecute this action and obey the Court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). <u>Within 14 days</u> of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result

in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 4, 2020**                    /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE